UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MARK JOHNSON, SR.,

                                    Plaintiff,

                                                              9:07-CV-0024
v.                                                            (FJS/GHL)

MR. WIGGER, et al.,

                                    Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

MARK JOHNSON, SR.
Plaintiff *pro se*
406 Clinton Avenue
Albany, New York 12206

OFFICE OF ROBERT P. ROCHE                       ROBERT P. ROCHE, ESQ.
Counsel for Defendants
36 South Pearl Street
Albany, New York 12207

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin,

Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Plaintiff Mark Johnson, Sr., alleges that Defendants Mr. Wigger (the superintendent of the

Albany County Correctional Facility), Albany County Sheriff James Campbell, the County of

Albany, Sgt. Kramer, Lt. Edwards, and three John Does violated his constitutional rights by

falsely accusing him of sexually assaulting another inmate, subjecting him to excessive force,

confining him to the Special Housing Unit ("SHU") for one day, and insulting him. Currently

pending before the Court is Defendants' motion for summary judgment pursuant to Federal Rule

of Civil Procedure 56. (Dkt. No. 24.) For the reasons that follow, I recommend that Defendants'

motion be denied but that the Court *sua sponte* dismiss Plaintiff's complaint pursuant to 28

U.S.C. § 1915(e)(2)(B).

## I.        FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed his original complaint on January 8, 2007. (Dkt. No. 1.) Plaintiff alleged

that he was accused of raping another inmate at the Albany County Correctional Facility and, as a

result, placed in the Special Housing Unit ("SHU"). (Dkt. No. 1 at 4.) Plaintiff was released

from the SHU the following day and told that the charges were unfounded. (Dkt. No. 1 at 6.)

Plaintiff alleged that he filed a grievance regarding his treatment and suffered retaliation as a

result. (Dkt. No. 1 at 6.)

Upon initial review, the Court dismissed the original complaint for three reasons. First,

the Court found that Plaintiff had not sufficiently pleaded a due process cause of action based on

his one-day SHU confinement because he had not alleged the existence of any atypical and

significant hardships. (Dkt. No. 5 at 4.) Second, the Court found that Plaintiff had not stated a

cause of action for retaliation because he had alleged only that correctional officers threatened

and harassed him, which does not constitute adverse action. (Dkt. No. 5 at 5-6.) Third, the Court

found that Plaintiff had not sufficiently alleged that Defendants Wiggins and Campbell were

personally involved in any alleged constitutional violations. (Dkt. No. 5 at 6.) The Court granted

Plaintiff leave to amend his complaint. (Dkt. No. 5 at 7.)

Plaintiff filed the amended complaint on March 22, 2007. (Dkt. No. 6.) The amended

complaint alleges that on November 30, 2006, Plaintiff was falsely accused of sexually assaulting another inmate.  Based on this accusation, Plaintiff was escorted to the SHU by an unnamed Correction Officer, two unnamed Sergeants, and Defendant Lt. Edwards.  (Dkt. No. 6 at ¶ 13.) Upon arriving at the SHU, Plaintiff was pulled into the SHU by John Doe Correction Officers 1-3, who punched him several times and slammed him against the wall.  The officers then ordered Plaintiff to strip, bend over, and spread his buttocks open.  The officers placed Plaintiff in mechanical restraints and escorted him barefoot and naked to the SHU tier.  When Plaintiff complained that the handcuffs were extremely tight, one Doe tightened the handcuffs and laughed at Plaintiff.  (Dkt. No. 6 at ¶ 14.)

Plaintiff alleges that he was released from the SHU the next day.  He filed a grievance regarding his treatment.  (Dkt. No. 6 at ¶ 14.)  On December 4, 2006, Defendant Sgt. Kramer confronted Plaintiff about the grievance, called him a "monkey" several times, and told Plaintiff that no officer would ever apologize to him for the way he was treated.  Defendant Lt. Edwards then threwe papers across his desk at Plaintiff and ordered him to sign off on the grievance.  (Dkt. No. 6 at ¶ 15.)

On December 20, 2006, Plaintiff sent formal complaints to Defendants Wigger and Campbell.  Wigger and Campbell did not respond.  (Dkt. No. 6 at ¶ 16.)

On April 3, 2007, the Court issued an order directing service of the amended complaint. (Dkt. No. 8.)  The Court cautioned Plaintiff that if he did not timely identify the Doe defendants, move for permission to amend the complaint to add them, and serve them with the complaint, "the Court will dismiss his claims against them."  (Dkt. No. 8 at 2.)  To date, Plaintiff has not identified or served the Does.

## II.     PROCEDURAL DEFICIENCIES

### A.     Defendants' Failure to File a Rule 7.1(a)(3) Statement

Defendants move for summary judgment.  As the moving parties, they bear the initial

burden of showing, through the production of admissible evidence, that no genuine issue of

material fact exists and that they are entitled to judgment as a matter of law.  *Major League*

*Baseball Properties, Inc. v. Salvino*, 542 F.3d 290, 309 (2d Cir. 2008).  Only after they have met

this burden is Plaintiff required to produce evidence demonstrating that genuine issues of

material fact exist.  *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006).  Federal Rule of

Civil Procedure 56 and Local Rule 7.1(a)(3) provide the procedural guidelines for meeting this

initial burden.

Local Rule 7.1(a)(3) requires parties moving for summary judgment to file and serve a

Statement of Material Facts.  This statement "shall set forth, in numbered paragraphs, each

material fact about which the moving party contends there exists no genuine issue."   Facts that

are not in the Statement of Material Facts need not be considered.  *Monahan v. New York City*

*Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000).  The rule thus puts the onus on the

parties to marshal the evidence that supports the motion.  *Id*.  A district court has no duty to

perform an independent review of the record to find proof of either a factual dispute or the lack

of a factual dispute.  *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir.2002)

("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an

obligation on a district court to perform an independent review of the record to find proof of a

factual dispute."); *accord, Prestopnik v. Whelan*, 253 F. Supp. 2d 369, 371-72 (N.D.N.Y. 2003).

"Our District's requirements are not empty formalities. Rules such as L.R. 7.1(a)(3) 'serve to

notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way-thus facilitating its judgment of the necessity for trial.'" *Jackson v. Broome County Correctional Facility,* 194 F.R.D. 436, 437 (N.D.N.Y.2000) (*citing Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995)). Local Rule 7.1(a)(3) clearly states that the "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." (Emphasis in original.)

Here, Defendants did not file a Statement of Material Facts.  As noted above, in the absence of a proper Statement of Material Facts, this Court has no duty to perform an independent review of the record to find proof of either a factual dispute or the lack of a factual dispute.  *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir.2002).  I therefore decline to review the affidavits submitted by Defendants.  I will instead treat their motion as an attack on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

### B.   Plaintiff's Failure to Respond to the Motion

Plaintiff did not timely oppose Defendants' motion.  On February 6, 2009, I issued an order granting Plaintiff an additional 30 days to respond to the motion and cautioning him that if he did not do so "the Court will entertain Defendants' motion without benefit of Plaintiff's arguments.  Plaintiff is not required to respond but if the Court determines that Defendants have met their burden to demonstrate entitlement to the relief requested, the Court may grant Defendants' motion, which ... **WILL RESULT IN DISMISSAL** of his action."  (Dkt. No. 27)(Emphasis in original).  To date, Plaintiff has not filed any opposition to Defendants' motion.

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendants' motion to dismiss is properly filed, Plaintiff has failed to oppose it (despite being warned of the possible consequences of that failure), and Plaintiff has failed to show good cause why his failure to oppose Defendants' motion should not be deemed as consent to the granting of the motion. Therefore, I must determine whether Defendants have met their burden to "demonstrate entitlement to dismissal" under Rule 12(b)(6).[1]

An inquiry into whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] is a more limited endeavor than a review of a contested motion to dismiss. Specifically, under such an analysis, the movant's burden has appropriately been characterized as "modest."[2] This is because, as a practical matter, the burden requires only

---

[1]     See also Fed. R. Civ. P. 7(b)(1) (requiring motions to, *inter alia*, "state with particularity the grounds therefor").

[2]     See, e.g., *Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); *see also Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing merely whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's

6

that the movant present an argument that is "facially meritorious."[3]

I find that Defendants have not met this modest burden.  Defendants' memorandum of law is a scant three pages long.  The first five paragraphs cite no law and discuss evidence submitted via affidavits.  As discussed above, I decline to consider these affidavits in light of Defendants' failure to file a Rule 7.1(a)(3) Statement.

The sixth paragraph notes that motions to dismiss may be converted into motions for summary judgment.  The seventh paragraph states:

> Plaintiff enunciates a cause of action in embarrassment, which is not known in the federal lexicon.  While the required mechanical restraints (mandatory during transfer) may not have been comfortable, they are a nuisance that goes with the territory, known as jail.  Here the movant has shown by affidavits and peripheral sources that the Plaintiff did not - in fact - suffer the loss or diminution of a federally guaranteed Constitutional right.

(Dkt. No. 24-4 at 2-3.)

The eighth paragraph of Defendants' memorandum of law consists entirely of a string cite

---

failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers*), adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[3]    *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

of cases from the 1940s, with no explanation of how the eight cited cases apply to the case at hand.  The relevance of the cited cases is far from clear.  The first case, *Boro Hall Corp. v. General Motors Corp.*, 124 F.2d 822 (2d Cir. 1942), was an anti-trust action.  The second case, *Gallways v. Caldwell*, 120 F.2d 90 (3d Cir. 1941), was a stockholder action alleging waste.  The third case, *Central Mexico Light & Power v. Munch*, 116 F.2d 85 (2d Cir. 1940), was a suit by a corporation to enjoin actions on matured bonds.  The fourth case, *National Labor Relations Board v. Montgomery Ward & Co.*, 144 F.2d 528 (D.C. Cir. 1944), involved a request for annulment of an order of the National War Labor Board.  The fifth case, *Urquhart v. American La Forance Fomite Corp.*, 144 F.2d 542 (D.C. Cir. 1944), was a patent action.  The sixth case, *Samoro v. United States*, 129 F.2d 594 (2d Cir. 1942), was an action to recover taxes collected under the Agricultural Adjustment Act of 1933.  The seventh case, *Cohen v. American Window Glass Company*, 126 F.2d 111 (2d Cir. 1942), was a shareholder action protesting a merger.  The eighth case, *Sperry Products, Inc. v. Assoc. of American Railroads,* 132 F.2d 408 (2d Cir. 1942), was a patent action.

The ninth paragraph of Defendants' memorandum of law states that "[f]ederal courts have come to recognize that a jail can be a contentious place but not every touch or every sleight constitutes a tort or deprivation of a civil right that rises to the level of a federal lawsuit.  Such is the stuff of embarrassing interludes and chagrin."  (Dkt. No. 24-4 at 3.)  Defendants conclude that "[f]or all these reasons, the Complaint should be dismissed."  *Id*.

Defendants have not directly addressed, with citations to applicable law, any of the issues raised by Plaintiff's complaint.  Accordingly, I find that Defendants have not met their modest burden of demonstrating entitlement to the relief they request.  Therefore, I recommend that the

Court deny Defendants' motion for summary judgment/judgment on the pleadings.

Although I have recommended that the Court deny Defendants' motion for summary judgment/judgment on the pleadings, I have concluded that the complaint is subject to *sua sponte* dismissal for two reasons.  First, Plaintiff has failed to name and serve the Doe defendants.  Second, the complaint fails to state a claim against any of the named defendants.  I will discuss those findings and recommendations below.

## III.    FAILURE TO NAME AND SERVE DOE DEFENDANTS

Regarding the Doe defendants, under the Federal Rules of Civil Procedure, a defendant must be served with the summons and complaint within ***120 days*** after the filing of the complaint.  Fed. R. Civ. P. 4(m).  This 120-day service period is shortened, or "expedited," by the Court's Local Rules of Practice (and the Court's General Order 25), which provide that all defendants must be served with the summons and complaint within ***sixty (60) days*** of the filing of the complaint.  N.D.N.Y. L.R. 4.1(b) [emphasis added].  Here, more than 120 days have elapsed since the filing of the complaint and Plaintiff has not named the Doe defendants or served them with the summons and complaint.  Plaintiff was cautioned over two years ago that if he did not timely identify the Doe defendants, move for permission to amend the complaint to add them, and serve them with the complaint, "the Court will dismiss his claims against them." (Dkt. No. 8 at 2.)  As a result, Plaintiff is in violation of both the Federal Rules of Civil Procedure and the Local Rules of Practice for this Court.  I therefore recommend that all claims against John Does 1-3 be dismissed.

## IV.    FAILURE TO STATE A CLAIM AGAINST NAMED DEFENDANTS

As noted above, although I have recommended that the Court deny Defendants' motion

for summary judgment/judgment on the pleadings, I have concluded that the complaint is subject to *sua sponte* dismissal under 28 U.S.C. section 1915(e)(2)(B) for failure to state a claim on which relief may be granted against the named defendants.

A.   **Legal Standard for Dismissal For Failure to State a Claim**

Plaintiff is proceeding *in forma pauperis*.  (Dkt. No. 5.)  28 U.S.C. section 1915(e) directs that, when a plaintiff proceeds *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . .(ii) fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted if it is insufficient under Federal Rule of Civil Procedure 8(a)(2);[4] or if it is not legally cognizable.[5]  Rule 8(a)(2) requires

---

[4]    *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[5]    *See*  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require

that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). By requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."[6] The main purpose of this rule is to "facilitate a proper decision on the merits."[7] A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[8]

---

plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord, Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

   [6]   *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

   [7]   *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

   [8]   *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord, Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.). Consistent with the Second Circuit's

"[A] complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57, 570 (2007)).  Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not *shown* - that the pleader is entitled to relief."  *Iqbal*, 129 S.Ct. at 1950 (emphasis added).

It should also be emphasized that, "[i]n reviewing a complaint for dismissal ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."[9]  "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."[10]  In other words,  while all pleadings are to be construed liberally under Rule 8(e), *pro se* civil rights pleadings are to be construed with an *extra* degree of liberality.  "[C]ourts must construe *pro se*

---

application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history.  *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

[9]     *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

[10]     *Hernandez*, 18 F.3d at 136 [citation omitted]; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

pleadings broadly, and interpret them to raise the strongest arguments that they suggest."[11]
Furthermore, when addressing a *pro se* complaint, *generally* a district court "should not dismiss
without granting leave to amend at least once when a liberal reading of the complaint gives any
indication that a valid claim might be stated."[12]  Of course, an opportunity to amend is not
required where the plaintiff has already amended his complaint.[13]  In addition, an opportunity to
amend is not required where "the problem with [plaintiff's] causes of action is substantive" such
that "[b]etter pleading will not cure it."[14]

_____

[11]     *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's
conclusory allegations of a due process violation were insufficient) [internal quotation and
citation omitted].

[12]     *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and
citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when
justice so requires").

[13]     *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2
(E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended
complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F.Supp. 2d 375, 384
(S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).

[14]     *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation
omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of
course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint
should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice)
[citation omitted];  *see, e.g., See Rhodes v. Hoy*, 05-CV-0836, 2007 WL 1343649, at *3, 7
(N.D.N.Y. May 5, 2007) (Scullin, J., adopting Report-Recommendation of Peebles, M.J.)
(denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the error
in his complaint–the fact that plaintiff enjoyed no constitutional right of access to DOCS'
established grievance process–was substantive and not formal in nature, rendering repleading
futile); *Thabault v. Sorrell*, 07-CV-0166, 2008 WL 3582743, at *2 (D. Vt. Aug. 13, 2008)
(denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the errors
in his complaint–lack of subject-matter jurisdiction and lack of standing–were substantive and
not formal in nature, rendering repleading futile) [citations omitted]; *Hylton v. All Island Cob
Co.*, 05-CV-2355, 2005 WL 1541049, at *2 (E.D.N.Y. June 29, 2005) (denying *pro se* plaintiff
opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because
the errors in his complaint–which included the fact that plaintiff alleged no violation of either the

However, while this special leniency may somewhat loosen the procedural rules governing the form of pleadings (as the Second Circuit has observed),[15] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Rules 8, 10 and 12.[16]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Rules 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[17]  Stated more plainly, when a plaintiff is proceeding *pro se*, "all normal

---

Constitution or laws of the United States, but only negligence–were substantive and not formal in nature, rendering repleading futile); *Sundwall v. Leuba*, 00-CV-1309, 2001 WL 58834, at *11 (D. Conn. Jan. 23, 2001) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because the error in his complaint–the fact that the defendants were protected from liability by Eleventh Amendment immunity–was substantive and not formal in nature, rendering repleading futile).

[15]     *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally] entails, at the very least, a permissive application of the rules governing the form of pleadings.") [internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . should not be impaired by harsh application of technical rules.") [citation omitted].

[16]     *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691 [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[17]     *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural

rules of pleading are not absolutely suspended."[18]

### B.    Claims Against the County of Albany

Plaintiff alleges that the County of Albany "permitted and tolerated a pattern and practice

of unreasonable use of force by Correction Officers or Sheriff Deputies of the County of Albany

[and has] maintained a system of review of Correction Officers' or Sheriff Deputies' conduct

which is so untimely and cursory as to be ineffective and which permits and tolerates the

unreasonable and excessive use of force by Correction Officers of the County of Albany."  (Dkt.

No. 6 at ¶¶ 24-25.)

It is well established that "[a] municipality may not be held liable in a § 1983 action for

the conduct of a lower-echelon employee solely on the basis of *respondeat superior*."[19]  "Rather,

to establish municipal liability under § 1983 for unconstitutional acts by a municipality's

employees, a plaintiff must show that the violation of [his or] her constitutional rights resulted

from a municipal custom or policy."[20]  "Thus, to hold a [municipality] liable under § 1983 for the

---

and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

[18]    *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980).

[19]    *Powell v. Bucci*, 04-CV-1192, 2005 WL 3244193, at *5 (N.D.N.Y. Nov. 30, 2005) (McAvoy, J.); *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."); *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) ("[A] [municipality] may not be held for the actions of its employees or agents under a theory of *respondeat superior*.").

[20]    *Powell*, 2005 WL 3244193, at *5; *Monell*, 436 U.S. at 690-691 ("[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official

unconstitutional actions of its employees, a plaintiff is required to . . . prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."[21]

With regard to the first element (the existence of a policy or custom), a "[p]laintiff may establish the 'policy, custom or practice' requirement by demonstrating: (1) a formal policy officially endorsed by the municipality . . . ; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question . . . ; (3) a practice so consistent and widespread that it constitutes a 'custom or usage' sufficient to impute constructive knowledge to the practice of policymaking officials . . . ; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to 'deliberate indifference' to the rights of those who come in contact with the municipal employees. . . ."[22]

"The mere assertion ... that a municipality has such a custom or policy is insufficient in

_____

decisionmaking channels."); *Batista*, 702 F.2d at 397 ("[M]unicipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to a governmental custom, policy, ordinance, regulation, or decision."); *Smith v. City of New York*, 290 F. Supp.2d 317, 321 (S.D.N.Y. 2003) ("In order to establish the liability of [municipal] defendants in an action under § 1983 for unconstitutional acts by [its] employees, a plaintiff must show that the violation of [his or] her constitutional rights resulted from a municipal custom or policy.").

[21]     *Batista*, 702 F.2d at 397, *accord*, *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995), *McKeon v. Daley*, 101 F. Supp.2d 79, 92 (N.D.N.Y. 2000) (Hurd, J.), *Merriman v. Town of Colonie, NY*, 934 F. Supp. 501, 508 (N.D.N.Y. 1996) (Homer, M.J.); *Douglas v. County of Tompkins*, 90-CV-0841, 1995 WL 105993, at *12 (N.D.N.Y. March 2, 1995) (McCurn, J.), *Keyes v. County of Albany*, 594 F. Supp. 1147, 1156 (N.D.N.Y. 1984) (Miner, J.).

[22]     *Dorsett-Felicelli, Inc.*, 371 F. Supp.2d 183, 194 (N.D.N.Y. 2005) (Kahn, J.) (citing three Supreme Court cases for these four ways), *accord*, *Dunbar v. County of Saratoga*, 358 F. Supp.2d 115, 133-134 (N.D.N.Y. 2005) (Munson, J.); *see also Clayton v. City of Kingston*, 44 F. Supp.2d 177, 183 (N.D.N.Y. 1999) (McAvoy, J.) (transposing order of second and third ways, and citing five more Supreme Court cases).

the absence of allegations of fact tending to support, at least circumstantially, such an inference."

*Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds*

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164

(1993).  A complaint that includes only such conclusory allegations is subject to dismissal under

Rule 12(b)(6).  *Economic Opportunity Comm'n of Nassau County v. County of Nassau, Inc*., 47

F. Supp. 2d 353, 370-71 (E.D.N.Y. 1999).  "Proof of a single incident of unconstitutional activity

is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that

it was caused by an existing, unconstitutional municipal policy, which can be attributed to a

municipal policymaker."  *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Here, other than alleging the single incident in which Plaintiff was beaten by correction

officers, the complaint does not contain any facts plausibly suggesting that the County of Albany

has a custom or practice of permitting and tolerating the use of excessive force by correction

officers.  Therefore, I recommend that the Court dismiss the claim against the County of Albany

*sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend.

### C.    Claims Against Defendants Wigger and Campbell

Plaintiff alleges that he sent formal complaints to Defendants Wigger and Campbell

regarding the excessive force incident, the threats he received from officers, and the false

accusation against him.  (Dkt. No. 6 at ¶ 16.)  Defendants Wigger and Campbell "never

responded."  *Id.*

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.

1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 [2d Cir. 1991]).[23]  In order to

prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show

some tangible connection between the alleged unlawful conduct and the defendant.[24]  If the

defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison

chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or

her personal involvement in that unlawful conduct.[25]  In other words, supervisory officials may

not be held liable merely because they held a position of authority.[26]  Rather, supervisory

personnel may be considered "personally involved" only if they (1) directly participated in the

violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3)

created, or allowed to continue, a policy or custom under which the violation occurred, (4) had

been grossly negligent in managing subordinates who caused the violation, or (5) exhibited

deliberate indifference to the rights of inmates by failing to act on information indicating that the

violation was occurring.[27]

     A prisoner's allegation that a supervisory official failed to respond to a grievance is

---

[23]     *Accord*, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*,
434 U.S. 1087 (1978); *Gill v. Mooney*, 824 F2d 192, 196 (2d Cir. 1987).

[24]     *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

[25]     *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d
431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.
1985).

[26]     *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

[27]     *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (adding fifth prong); *Wright*,
21 F.3d at 501 (adding fifth prong); *Williams v. Smith*, 781 F.2d 319, 323-324 (2d Cir. 1986)
(setting forth four prongs).

insufficient to establish that the official "failed to remedy that violation after learning of it through a report or appeal" or "exhibited deliberate indifference ... by failing to act on information indicating that the violation was occurring." *Rivera v. Goord*, 119 F. Supp. 2d 327,344-45 (S.D.N.Y. 2000). *See also Watson v. McGinnis,* 964 F. Supp. 127, 130 (S.D.N.Y. 1997)("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability."). Therefore, I recommend that the Court dismiss Plaintiff's claims against Defendants Wigger and Campbell *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

**D.      Claims Against Defendant Kramer**

Plaintiff alleges that Defendant Kramer called him a "monkey" and would not apologize. (Dkt. No. 6 at ¶15.) "42 U.S.C. § 1983 does not provide a remedy for every common law tort and a suit based on that statute cannot be sustained merely on the basis of verbal abuse." *Williams v. Pecchio*, 543 F. Supp. 878, 879 (W.D.N.Y. 1982). "It is well established that mere threatening language and gestures of a custodial officer do not ... amount to constitutional violations." *Alnutt v. Cleary*, 913 F. Supp. 160, 165 (W.D.N.Y. 1996) (punctuation omitted). Therefore, I recommend that the Court dismiss Plaintiff's claims against Defendant Kramer *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

**E.      Claims Against Defendant Edwards**

Plaintiff claims that Defendant Edwards escorted him to the SHU when he was falsely accused of sexually assaulting another inmate. (Dkt. No. 6 at ¶¶ 13.) Plaintiff served one day in the SHU. (Dkt. No. 6 at ¶ 14.) I have construed this as a claim that Defendant Edwards violated Plaintiff's procedural due process rights.

In order to state a claim for violation of his procedural due process rights, a plaintiff must

19

allege facts plausibly suggesting that (1) he was deprived of a liberty interest; (2) without due

process of law. *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000).

      An inmate has a liberty interest in remaining free from a confinement or restraint where

(1) the state has granted its inmates, by regulation or statute, an interest in remaining free from

that particular confinement or restraint; and (2) the confinement or restraint imposes "an atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*

*v. Conner*, 515 U.S. 472, 484 (1995); *Tellier*, 280 F.3d at 80; *Frazier v. Coughlin*, 81 F.3d 313,

317 (2d Cir. 1996). Regarding the first prong of this test, "[i]t is undisputed ... that New York

state law creates a liberty interest in not being confined to the SHU." *Palmer v. Richards*, 364

F.3d 60, 64 n.2 (2d Cir. 2004). The issue, then, is whether Plaintiff's one-day confinement in the

SHU imposed "an atypical and significant hardship on [him] in relation to the ordinary incidents

of prison life."

      In the Second Circuit, determining whether a disciplinary confinement in the SHU

constituted an "atypical and significant hardship" requires examining "the extent to which the

conditions of the disciplinary segregation differ from other routine prison conditions and the

duration of the disciplinary segregation compared to discretionary confinement." *Palmer*, 364

F.3d at 64. Where a prisoner has served less than 101 days in disciplinary segregation, the

confinement constitutes an "atypical and significant hardship" only if "the conditions were more

severe than the normal SHU conditions[28]." *Palmer*, 364 F.3d at 65. Allegations of severe

conditions are particularly important for stating a cause of action in cases involving SHU

---

     [28]    "Normal" SHU conditions include being kept in solitary confinement for 23
hours per day, provided one hour of exercise in the prison yard per day, and permitted two
showers per week. *Ortiz v. McBride*, 380 F.3d 649, 655 (2d Cir. 2004).

confinements of 30 days or less.  *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Arce v. Walker*, 139 F.3d 329 (2d Cir. 1998).

Here, Plaintiff has not described the conditions he experienced in the SHU, must less alleged the existence of conditions more severe than normal SHU conditions.  Plaintiff might argue that his allegations regarding the use of excessive force by the officers escorting him to the SHU tier suffice.  However, allegations of excessive force used *en route* to the SHU do not constitute severe SHU conditions, but rather are evaluated separately as Eighth Amendment claims against the individual officers.  *See Rodriguez v. McGinnis*, 1 F. Supp. 2d 244 (S.D.N.Y. 1998).  Here, as discussed above, Plaintiff's claims against the correction officers who allegedly beat him should be dismissed for failure to identify and serve them.  Therefore, I recommend that the Court dismiss Plaintiff's claim against Defendant Edwards *sua sponte* pursuant to 28 U.S.C. § 1915(e).

### F.    State Court Claims

Plaintiff alleges that Defendants defamed and slandered him by falsely accusing him of sexually assaulting another inmate.  He claims that Defendants' actions violated New York state law.  (Dkt. No. 6 at ¶¶ 1, 2, 5, 13.)  In light of my recommendation that the Court dismiss Plaintiff's federal claims, I recommend that the Court decline to exercise pendent jurisdiction over Plaintiff's state law claims.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 24) be **<u>DENIED</u>**; and it is further

**RECOMMENDED** that the Court dismiss Plaintiff's complaint *sua sponte* pursuant to

28 U.S.C. § 1915(e).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 10, 2009
      Syracuse, New York

George H. Lowe
United States Magistrate Judge